923 F.2d 855
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles ROBINSON, Plaintiff,
Randal Grable, doing business as Industrial Transport
Machine Company, Plaintiff-Appellant,
v.
Mary Nellie RIGGS, Guardian for Charles H. Riggs, II,
Defendant-Appellee,
Nathan K. Oberholtzer, Administrator, Miriam Z. Oberholtzer,
Administratrix of the Estate of Nelson N.
Oberholtzer, Quality Trucking Company, Defendants.
 No. 90-6111.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1991.
 
 Before BOYCE F. MARTIN, Jr., and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff, Randal Grable, appeals summary judgment in favor of one of the defendants in this diversity action for personal injury. The judgment for the defendant was entered on July 18, 1990, with the notation that "[t]his is a final and appealable Order, and there is no just reason for delay." However, the district court's docket sheet indicated that claims remained pending against other defendants. An order to show cause why the appeal should not be dismissed was entered. Subsequently, the defendant moved to dismiss the appeal on grounds that the plaintiff had not responded to the show cause order. The defendant responded that he believed the appeal to be interlocutory, and requested that it be dismissed without prejudice to a later appeal.
 
 
 2
 The district court's order which the plaintiff sought to appeal did not dispose of all parties or claims to the action. Such an order is not appealable in the absence of a certification for immediate appeal under 28 U.S.C. Sec. 1292(b) of Fed.R.Civ.P. 54(b). William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). Further, a district court's certification under Fed.R.Civ.P. 54(b) must "do more than just recite the 54(b) formula of 'no just reason for delay.' " Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir.1986).
 
 
 3
 It is therefore ORDERED that the plaintiff's appeal is dismissed without prejudice to his right to perfect a timely appeal upon entry of final judgment.